E-FILED
Wednesday, 07 December, 2005  11:14:11 AM
Clerk, U.S. District Court, ILCD
FILED

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEC 7 - 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN E. BLAIR                                )
                                             )
_____                      )
          Plaintiff/Petitioner(s),           )
                                             )
          -vs-                               )    Case No. 05-1375
                                             )    (To be supplied by the Clerk)
R.V. VEACH                                   )
                                             )
WARDEN                                       )
                                             )
_____                      )
          Defendant/Respondent(s).           )

## MOTION AND AFFIDAVIT IN SUPPORT OF REQUEST
## TO PROCEED IN FORMA PAUPERIS

I, John C Blair, being first duly sworn, depose and say that I am the plaintiff/petitioner in the above entitled cause; that in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to relief.

The nature of the action is:    ( ) Civil Rights    (✓) Habeas Corpus  ( ) Appeal

1. Are you presently employed?    Yes (✓)    No ( )

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.  # 14.16  Food Service  U.S.P. F.C.I
   PEKIN ILLINOIS

   b. If the answer is "no", state the date of last employment and the amount of salary or wages per month which you received.   N/A

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession or form of self-employment?    Yes ( )  No (✓)
   b. Rent payments, interest or dividends?                Yes ( )  No (✓)
   c. Pensions, annuities or life insurance payments?      Yes ( )  No (✓)
   d. Gifts or inheritances?                               Yes ( )  No (✓)
   e. Any other sources?                                   Yes ( )  No (✓)

Rev. 2/00

If the answer to any of the above is "yes", describe each source of money and state the amount received during the past twelve months.

_____ N/A _____
_____ N/A _____

3.  Do you own cash, or do you have money in a checking or savings account?    Yes ( )  No (√)
    (include any funds in prison accounts).  If the answer is "yes", state the total value of the items owned.

    _____ N/A _____
    _____
    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?  Yes ( )  No (√) If the answer is "yes", describe the property and state its approximate value.

    _____ N/A _____
    _____ N/A _____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    _____ N/A _____
    _____ N/A _____

## PRIOR LITIGATION

You may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 if you have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" unless you are "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Have you ever filed any other lawsuits in any federal court during this or any other period of incarceration?
                              Yes ( )    No (√)

If yes, please provide the following section about your prior cases.  If necessary, you may attach additional pages to this form to provide all the required information about each of your prior cases.  Failure to provide complete, accurate information about all your prior litigation may result in denial of your request to proceed *in forma pauperis.*

1.  Case name:_____ N/A _____        Case Number:_____ N/A _____

    Court:_____ N/A _____            Date filed:_____ N/A _____

    Claims raised:_____ N/A _____

    _____ N/A _____

    Result:_____ N/A _____

2. Case name:_____N/A_____     Case Number:_____N/A_____

   Court:_____N/A_____     Date filed:_____N/A_____

   Claims raised:_____

   _____N/A_____

   Result:_____

3. Case name:_____N/A_____     Case Number:_____N/A_____

   Court:_____N/A_____     Date filed:_____N/A_____

   Claims raised:_____

   _____N/A_____

   Result:_____N/A_____

## DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify or state) under penalty of perjury, that I am the plaintiff/petitioner in the above action, that I have read the foregoing Motion and Affidavit and that the information contained therein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621. I authorize the agency having custody of my person to withdraw funds from my prison trust account and forward payments to the Clerk of Court, in accord with 28 U.S.C. § 1915.

_11-22-05_
Date

_____Joehn Blair_____
Signature of Plaintiff/Petitioner

## CERTIFICATE

### THIS SECTION FOR COMPLETION BY THE PLAINTIFF/PETITIONER

Name of Plaintiff/Petitioner: _JOHN E. BLAIR_

Institution where confined: _F.C.I  PEKIN  ILLINOIS  P.O. Box 7000_
_PEKIN IL 61555_

Register number: _PRISON # 11911-026_

---

### THIS SECTION IS FOR COMPLETION BY AN <u>AUTHORIZED OFFICER</u> OF THE ABOVE-NAMED INSTITUTION ONLY

Instructions: The plaintiff/petitioner may <u>not</u> write below this line. Please complete the following certificate for the plaintiff/petitioner named and described above.

## PURSUANT TO 28 U.S.C. § 1915(a)(2), <u>PLEASE ATTACH A CERTIFIED PRINT-OUT OF ALL TRANSACTIONS FOR THIS PERSON'S ACCOUNT FOR THE PAST SIX MONTHS.</u>

I hereby certify that _John  Blair  11911-026_ currently has the sum
(Name of plaintiff/petitioner)

$ _.31_ on account to his credit at _FCI Pekin IL._
(Institution where confined)

DATED: _11-24-05_

_IAI Counselor_
Signature of Authorized Officer of the above Institution

# Inmate Inquiry  🖶 PRINT

| | | | | |
|---|---|---|---|---|
| **Inmate Reg #:** | 11911026 | **Current Institution:** | Pekin FCI | |
| **Inmate Name:** | BLAIR, JOHN | **Housing Unit:** | IOWA | |
| **Report Date:** | 11/24/2005 | **Living Quarters:** | C02-225U | |
| **Report Time:** | 8:21:19 AM | | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 1538 |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 10/29/2001 |
| Local Account Activation Date: | 4/11/2002 3:57:06 PM |
| Sort Codes: | |
| Last Account Update: | 11/12/2005 12:37:03 PM |
| Account Status: | Active |
| ITS Balance: | $0.15 |

**FRP Plan Information**

**FRP Plan Type**          **Expected Amount   Expected Rate**

## Account Balances

| | |
|---|---|
| Account Balance: | $0.31 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $0.31 |
| National 6 Months Deposits: | $93.42 |
| National 6 Months Withdrawals: | $93.45 |
| National 6 Months Avg Daily Balance: | $2.51 |
| Local Max. Balance - Prev. 30 Days: | $14.61 |
| Average Balance - Prev. 30 Days: | $2.75 |

## Commissary History

### Purchases

Validation Period Purchases: $11.30
YTD Purchases: $22.85
Last Sales Date: 11/7/2005 5:58:35 PM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $11.30
Remaining Spending Limit: $278.70

## Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

**List Name**      **List Type  Start Date  End Date  Userid  Active**

## Comments

### Comments:

DHO 1321644

RE: File legal Documents

John E. Blair
Prison # 11911-026
Federal Correctional Institution
P.O. Box 5000
Pekin IL 61555-5000

Clerk of Court
United States District Court
Central District of Illinois
Room 309 Federal Building
100 N.E. Monroe Peoria IL 61602

Dear Clerk;

Please find enclosed the following legal Documents to be filed within your honorable Court: Motion to proceed In Forma Pauperis and An orginal, and one copy, of A writ of Habeas Corpus under 28 U.S.C. § 2241. Thankyou for your Time

Sincerely

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

John E. Blair
_____
**(Full Name under which you were convicted)**

11911 - 026
**(Prison Number)**

F.C.I. Pekin IL
**(Place of Confinement)**

Docket No. 05-1375
**(To be supplied by Clerk)**

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241
## BY A PERSON IN FEDERAL CUSTODY

John E. Blair , **Petitioner**
**(Full Name under which you were convicted)**

**vs.**

R.V. Veach , **Respondent**
**(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)**

(This form is not to be used if petitioner claims that his federal sentence itself is unlawful.  If a petitioner wishes to attack his federal sentence, he or she should file a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence in the federal court which entered judgment.)

Rev. 8/96

## PETITION

### I.    GENERAL INFORMATION

A.    Subject of Petition:

___    Denial of parole
___    Revocation of parole
___    Disciplinary matter
___    Revocation of good time credits
___    Detainer
___    Other (describe briefly the type of decision or action involved):
        *VIOLATION OF CONSTITUTIONAL RIGHT*

B.    Place of confinement *F.C.I. PEKIN IL*

C.    Petitioner's institutional address *F.C.I PEKIN IL P.O. BOX 5000*
*PEKIN IL 61555 - 5000*

D.    If you are in custody under a conviction and sentence, complete the following:

1.    Nature of offense *GUN POSSISSION*

2.    Name and location of Court which imposed sentence *U.S. DISTRICT COURT CENTRAL DISTRICT IL PEORIA DIVISION*

3.    Case or docket number *00-10033*

4.    Date of conviction *MARCH 12, 2001*

5.    Date of sentence *180 MONTHS*

6.    Length of sentence *JUNE 15, 2001*

7.    Did you appeal the conviction? Yes (✓) No ( )

a.    First appeal:
Court: *SEVENTH CIRCUIT COURT OF APPEALS*
Grounds: *MOTION TO SUPPRESS Evidence*

Result: *DENIED*
Date: *APRIL 10, 2001*

b.    Second appeal:
Court: *N/A*

Grounds: _____ N/A _____

_____

Result: _____ N/A _____

Date: _____

8.  Have you challenged the sentence in any other post conviction proceeding?
    Yes ( ✓ No ( )
        U.S. DISTRICT COURT CENTRAL
    Court: DISTRICT OF IL AT PEORIA
    Grounds: INEFFECTIVE ASSISTANCE OF COUNSEL

    _____

    Result: DENIED
    Date: ON OR AROUND OCT 15, 2003

E.  If you have not been convicted, complete the following:

    1.  Nature of charge(s): _____ N/A _____

        _____ N/A _____

    2.  Name and location of court(s) in which charge(s) is/are pending: _____

        _____ N/A _____

    3.  Case number(s): _____ N/A _____

    4.  Date of your arrest or confinement: _____ N/A _____

## II.  SUBJECT OF THIS PETITION

A.  Indicate the type of decision or action which you are challenging:

    ___  Denial of parole
    ___  Revocation of parole
    ___  Disciplinary matter
    ___  Revocation of good time credits
    ___  Detainer
    ___  Other (describe briefly the type of decision or action involved):

        VIOLATION OF CONSTITUTIONAL RIGHTS

B.  Who made the decision or took the action? F.C.I. STAFF MEMBERS R.O.P.

C.    Date of decision or action ___ON OR APPROUND July 15, 2005___

D.    Was there a hearing of any kind?  Yes ( )  No (✓)

1.    <u>First Hearing</u>
      Date:_____ N/A
      Location: _____
      Conducted by:_____ N/A _____
      Result:_____
      _____ N/A _____

2.    <u>Second Hearing</u>
      Date:_____ N/A
      Location: _____
      Conducted by:_____ N/A _____
      Result:_____
      _____ N/A _____

E.    Were you represented by counselor by a staff representative at any hearing?
      Yes ( )  No ( )    N/A

      If yes, give name and address _____ N/A _____

## III.    PREVIOUS APPEALS/ADMINISTRATIVE REMEDY PROCEDURES

A.    If your claim concerns a **parole** matter (for example, denial, modification, or revocation of parole), complete the following:

1.    Did you appeal the decision to the Regional Commissioner?
      Yes ( )  No ( )    N/A

      a.    Date of filing appeal_____ N/A _____
      b.    Grounds raised:_____
            _____
      c.    Result and date:_____ N/A _____
            _____
            _____

2.  Did you appeal the decision to the National Appeals Board/U.S. Parole
    Commission?   Yes ( ) No ( )   *N/A*

    a.  Date of filing appeal_____
    b.  Grounds raised:_____ *N/A* _____
        _____

    c.  Result and date:_____ *N/A* _____
        _____

B.  If your claim concerns something other than parole, (for example, a disciplinary matter),
    complete the following about the administrative remedy procedures (See C.F.R. §542.10)

    1.  Did you attempt to resolve your complaint informally?  Yes (✓ No ( )

    2.  Did you file a formal complaint?  Yes (✓ No ( )

    3.  Did you appeal to the Warden?  Yes (✓ No ( )

    4.  Did you appeal to the Regional Commissioner?  Yes (✓ No ( )

    5.  Did you appeal to the General Counsel?  Yes (✓ No ( )

    6.  If you did not use the Administrative Remedy Procedure, explain why you did not
        do so _____ *N/A* _____
        _____ *N/A* _____

C.  Attach copies of your incident report or parole rationale (where appropriate), your request(s)
    for an administrative remedy and the response(s) you received.  If you cannot do so, explain
    why not ____ *See attached copies* _____
    _____

D.  Have you filed any previous lawsuit(s) related to your present claim?
    Yes ( ) No (✓

    1.  Name and location of Court:_____ *N/A* _____
    2.  Date of filing:_____
    3.  Case number:_____
    4.  Nature of suit:_____ *N/A* _____
    5.  Grounds raised:_____

    6.  Result and Date:_____ *N/A* _____
        _____

## IV.   GROUNDS FOR RELIEF

State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  It is not necessary to cite cases of law in this petition.  However, if you wish to cite cases or law, you should do so in a separate memorandum or brief.  If necessary, you may attach extra page(s) of facts supporting your grounds for relief.

A.    Ground One: _VIOLATION OF EIGHT AMMENDMENT RIGHT OF PROTECTION OF CRUEL AND UNUSUAL PUNISHMENT_

Supporting FACTS (tell your story briefly without citing cases or law). _ON OR ARROUND July 15, 2005 PETITIONER WAS ASSIGNED TO A WORK DETAIL ON A REGULAL BASIS TO THE FOOD SERVICE DEPARTMENT. While There, PETITIONER has ACCESS TO AND IS CONSTANTLY WORKING ARROUND COOKING MATERIALS AND FOOD. FURTHER, PETITIONER STATES THAT he Should be EXEMPT FROM WORKING FOOD SERVICE because he has A Medical CONDITION OF hepatitis C. AND BECAUSE OF This_

_Please See CONTINUATION OF GROUND ONE_

B.    Ground Two: _____

Supporting FACTS (tell your story briefly without citing cases or law). _____
_____
_____
_____
_____
_____
_____
_____
_____

C.    Ground Three: _____

Supporting FACTS (tell your story briefly without citing cases or law). _____
_____
_____
_____
_____
_____
_____
_____
_____

D.    Ground Four: _____

Supporting FACTS (tell your story briefly without citing cases or law). _____
_____
_____

## CONTINUATION OF GROUND ONE

DISEASE There is A Chance ThAT he Could TRANSMiT iT TO The GENERAl PRison PopulATioN. AdditionAlly, PETITIONER is Conserned ThAT oTher PRisoners who ARE AWARE of his illiness MAy NOT Agree To him WorKing Food SERViCE with AN iNFECTioUS DISCASE, ANd As A Result, They MAy RETAliATE AgAinst him.

Further, PETITIONER hAs ACComplished All ThAT he could TO TRy TO be ReAssigned To A DiFFERENT Job less ThrEATENiNg TO the GENERAl PRison PopulATioN. He hAs TAlKed with his FoRE MAN, To MEDICAl STAFF ANd hAs ExhAusTEd All of his AdMiNisTRATiVE REMEdies, ANd yET he is STill FoRced TO WoRK Within The Food SERViCE DEpARTMENT.

FiNAlly, PETITIONER STATES ThAT iT is CRuel ANd unusuAl PunishmeNT To plACE him iN A Job AssigNMENT Whereby he MAy iNAdVERANTly TRANSMiT AN iNfECTioUS DiseAse To The GENERAl PRison PopulATioN - Thereby plACing The heAlTh of oTher pRisoners iN JeopARdy. Als, iT is CRuel ANd unusuAl PunishmeNT TO plACe PETITIONER iN A PosTioN Whereby oTher PRisoNers MAy hAVE REAson To RETAliATE AgANisT him.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number**: 375991-R1

This is in response to your Regional Administrative Remedy Appeal dated June 6, 2005, concerning your work detail assignment. You contend you should be exempt from working in Food Services given your medical condition of Hepatitis B. For relief, you request a new work assignment and the prohibition of all inmates having an infectious disease from working in Food Services.

We have reviewed the documentation related to your appeal. Per Program Statement 6190.03, Infectious Disease Management, inmates having infectious diseases are not prohibited from assignment to Food Services based solely upon the diagnosis of the infectious disease. An individual's primary care provider will determine whether Food Services is a suitable work assignment. The BOP's infectious disease protocols are based on sound clinical practices and serve to protect both inmates and staff. Please address specific concerns with your assignment medical provider.

Based on these findings, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/1/05
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: **BLAIR    JOHN**          **11911-026**    **Iowa #1**    **F.C.I. PEKIN**
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**   This COMPLAINT is AN ATTEMPT BY ME TO BE REASSIGNED TO A DIFFERENT JOB AND TO HAVE THE B.O.P. PROHIBIT ANYONE WITH AN INFECTIOUS DISEASE FROM WORKING FOOD SERVICE. THE B.O.P. MUST BE INFORMED OF THE FOLLOWING FACTS: (1) I HAVE HEPATITIS B, (2) THERE IS A SUBSTANTIAL LIKELYHOOD THAT I COULD TRANSMIT THIS DISEASE TO OTHER INMATES VIA CONTAMINATED FOOD (3) OTHER INMATES WHO ARE AWARE OF MY ILLNESS MAY NOT AGREE TO THE FACT THAT I AM WORKING FOOD SERVICE AND MAY RETALIATE AGAINST ME BECAUSE OF IT. (4) THE STAFF HERE AT F.C.I. PEKIN IL ARE WELL AWARE OF MY CONDITION, THEY KNOW THE RISK OF CONTAMINATION, AND FAIL TO TAKE APPROPRATE ACTION.

    Therefore, I Respectfully REQUEST THAT I BE ASSIGNED A DIFFERENT JOB, THAT All INMATES WHO HAVE INFECTIOUS DISEASES BE PROHIBITED FROM WORKING FOOD SERVICE.

**6-6-2005**                              *John Blair*
DATE                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**




_____
DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: **375991-R1**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                    CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

USP LVN    DATE      Previous editions not usable     SIGNATURE, RECIPIENT OF REGIONAL APPEAL     BP–230(13)
                                                              APRIL 1982

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

From: BLAIR JOHN E    11911-026    IOWA #1    PEKIN F.C.I.

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** The Following is in Response To My Regional Administrative Remedy Appeal. Within This Appeal I Respectfully Requested That I be Reassigned A Different Job Because I Am Currently forced To Work in food Service With An infectious Disease (Hepatitis B), I would Like To Bring To The Attention of This office That AT Any Time, And Without My Awareness, That This Disease Could Become Extremely infectious To The point To Where I Could inadvertally Transmit This Disease To The General Population. Therefore FoR The SAFETY of The General Population And My SAFETY As Well. I Respectfully Request That I Be Taken out of Food Service And be Reassigned To A Different Job less Threatening To The General Population.

Sept 23, 2005
_____
DATE

_John Blair_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 375991-A2

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN    Printed on Recycled Paper

**.Administrative Remedy No. 375991-A3**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you request to be exempt from working in Food
Service because of your medical condition.   You because you have
Hepatitis B, you could inadvertently infect other inmates.   You
request a new work assignment and the prohibition of all inmates
with infectious diseases from working in Food Services.

The Bureau of Prisons has no policy restrictions for assigning
inmates with hepatitis B or hepatitis C as food service workers,
because these infections are not associated with food borne
outbreaks, nor is the virus spread through casual contact.   The
policy is consistent with state health department regulations and
the recommendation of the Center for Disease Control regarding
community food workers.   See Program Statement 6190.03,
Infectious Disease Management, Section 9, paragraph (b).   The
Clinical Director determined your medical condition does not
preclude you from working in Food Service.   Your work assignment
is, therfore, appropriate.   Should there be a significant change
in your condition, you are encouraged to attend sick call to be
re-evaluated.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.   Accordingly,
your appeal is denied.

October 27, 2005

Date

Harrell Watts, Administrator
National Inmate Appeals

E-FILED
Wednesday, 07 December, 2005  03:38:37 PM
Clerk, U.S. District Court, ILCD

RECEIVED
DEC - 7 2005
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

John E. Blair

**(Full Name under which you were convicted)**

11911 - 026
**(Prison Number)**

F.C.I. Pekin IL
**(Place of Confinement)**

Docket No. 05-1375

**(To be supplied by Clerk)**

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241
## BY A PERSON IN FEDERAL CUSTODY

---

John E. Blair, **Petitioner**
**(Full Name under which you were convicted)**

**vs.**

R.V. Veach, **Respondent**
**(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)**

---

(This form is not to be used if petitioner claims that his federal sentence itself is unlawful.  If a petitioner
wishes to attack his federal sentence, he or she should file a motion under 28 U.S.C. §2255 to vacate, set
aside or correct sentence in the federal court which entered judgment.)

Rev. 8/96

## PETITION

### I.  GENERAL INFORMATION

A.  Subject of Petition:

___  Denial of parole
___  Revocation of parole
___  Disciplinary matter
___  Revocation of good time credits
___  Detainer
___  Other (describe briefly the type of decision or action involved):
    _VIOLATION OF CONSTITUTIONAL RIGHT_

B.  Place of confinement _F.C.I. PEKIN IL_

C.  Petitioner's institutional address _F.C.I PEKIN IL P.O. BOX 5000_
    _PEKIN IL 61555 - 5000_

D.  If you are in custody under a conviction and sentence, complete the following:

1.  Nature of offense _GUN POSSISSION_

2.  Name and location of Court which imposed sentence _U.S. DISTRICT COURT_
    _CENTRAL DISTRICT IL PEORIA DIVISION_

3.  Case or docket number _00-10033_

4.  Date of conviction _MARCH 12, 2001_

5.  Date of sentence _180 MONTHS_

6.  Length of sentence _June 15, 2001_

7.  Did you appeal the conviction? Yes (✓) No ( )

a.  First appeal:
    Court: _Seventh Circuit Court of Appeals_
    Grounds: _Motion to Suppress_
    _Evidence_

    Result: _DENIED_
    Date: _APRIL 10, 2001_

b.  Second appeal:
    Court: _N/A_

Rev. 8/96                    - 3 -

Grounds:_____N/A_____

_____

Result:_____N/A_____

Date:_____

8.  Have you challenged the sentence in any other post conviction proceeding?
    Yes ( ) No ( )
        U.S. DISTRICT COURT CENTRAL
    Court: DISTRICT OF IL AT PEORIA
    Grounds: INEFFECTIVE ASSISTANCE OF COUNSEL

    _____

    Result:_____DENIED_____
    Date:___ON OR AROUND OCT 15, 2003_____

E.  If you have not been convicted, complete the following:

    1.  Nature of charge(s): _____N/A_____
        _____
        _____N/A_____

    2.  Name and location of court(s) in which charge(s) is/are pending: _____
        _____
        _____N/A_____

    3.  Case number(s): _____N/A_____

    4.  Date of your arrest or confinement: _____N/A_____

## II.   SUBJECT OF THIS PETITION

A.  Indicate the type of decision or action which you are challenging:

    ___ Denial of parole
    ___ Revocation of parole
    ___ Disciplinary matter
    ___ Revocation of good time credits
    ___ Detainer
    ___ Other (describe briefly the type of decision or action involved):

        ___VIOLATION OF CONSTITUTIONAL RIGHTS___
        _____

B.  Who made the decision or took the action? F.C.I. STAFF MEMBERS B.O.P.

-4-

C.    Date of decision or action _____ON OR AROUND July 15, 2005_____

D.    Was there a hearing of any kind?  Yes ( )  No (✓)

1.    <u>First Hearing</u>
Date:_____ N/A
Location: _____
Conducted by:_____ N/A
Result:_____
_____ N/A

2.    <u>Second Hearing</u>
Date:_____ N/A
Location: _____
Conducted by:_____ N/A
Result:_____ N/A

E.    Were you represented by counselor by a staff representative at any hearing?
Yes ( )  No ( )    N/A

If yes, give name and address _____ N/A _____

## III.    PREVIOUS APPEALS/ADMINISTRATIVE REMEDY PROCEDURES

A.    If your claim concerns a **parole** matter (for example, denial, modification, or revocation of parole), complete the following:

1.    Did you appeal the decision to the Regional Commissioner?
Yes ( )  No ( )    N/A

a.    Date of filing appeal_____ N/A
b.    Grounds raised:_____

c.    Result and date:_____ N/A
_____
_____

2.  Did you appeal the decision to the National Appeals Board/U.S. Parole Commission?   Yes ( )  No ( )   *N/A*

    a.  Date of filing appeal_____

    b.  Grounds raised:_____ *N/A* _____

    c.  Result and date:_____ *N/A* _____

B.  If your claim concerns something other than parole, (for example, a disciplinary matter), complete the following about the administrative remedy procedures (See C.F.R. §542.10)

    1.  Did you attempt to resolve your complaint informally?   Yes (✓ No ( )

    2.  Did you file a formal complaint?   Yes (✓ No ( )

    3.  Did you appeal to the Warden?   Yes (✓ No ( )

    4.  Did you appeal to the Regional Commissioner?   Yes (✓ No ( )

    5.  Did you appeal to the General Counsel?   Yes (✓ No ( )

    6.  If you did not use the Administrative Remedy Procedure, explain why you did not do so _____ *N/A* _____ *N/A* _____

C.  Attach copies of your incident report or parole rationale (where appropriate), your request(s) for an administrative remedy and the response(s) you received. If you cannot do so, explain why not ____ *See  Attached  Copies* ____

D.  Have you filed any previous lawsuit(s) related to your present claim? Yes ( )  No (✓

    1.  Name and location of Court:_____ *N/A* _____

    2.  Date of filing:_____

    3.  Case number:_____

    4.  Nature of suit:_____

    5.  Grounds raised:_____ *N/A* _____

    6.  Result and Date:_____ *N/A* _____

- 6 -

## IV.    GROUNDS FOR RELIEF

State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  It is not necessary to cite cases of law in this petition.  However, if you wish to cite cases or law, you should do so in a separate memorandum or brief.  If necessary, you may attach extra page(s) of facts supporting your grounds for relief.

A.    Ground One: _VIOLATION of Eight AMMENDMENT Right of PROTECTION of CRUEL AND UNUSUAL PUNISHMENT_

Supporting **FACTS** (tell your story briefly without citing cases or law). _ON OR ARROUND July 15, 2005 PETITIONER WAS ASSIGNED TO A WORK DETAIL ON A REGULAR BASIS TO THE FOOD SERVICE DEPARTMENT. While There, PETITIONER has ACCESS TO AND IS CONSTANTLY WORKING ARROUND COOKING MATERIALS, AND FOOD, FURTHER, PETITIONER STATES That he Should be EXEMPT FROM WORKING food SERVICE because he has A Medical CONDITION Of hepatitis C. AND Because of This_

_Please See CONTINUATION OF GROUND ONE_

B.    Ground Two:_____

Supporting **FACTS** (tell your story briefly without citing cases or law)._____

C.    Ground Three:_____

Supporting **FACTS** (tell your story briefly without citing cases or law)._____

D.    Ground Four:_____

Supporting **FACTS** (tell your story briefly without citing cases or law)._____

_____
_____
_____
_____
_____

## V.    REQUEST FOR RELIEF

State here exactly what you want the court to do for you.

(1) That This honorable court ORDER The FEDERAL BUREAU of
PRISONS (B.O.P.) To Reassign Petitioner To A Different Job. (2) That
the honorable court prohibit other prisoners with Infectious Disease from
working food service. (3) That This honorable Court AWARd Petitioner
$5,000 to punish and DETOUR The B.O.P. from Allowing Prisoners with
Infectious Diseases from working food service. (4) That This honorable
Court ORDER Any other further Relief That it Deems Just
AND proper.

## VI.    DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am the
petitioner in the above action, that I have read the above petition and that the information contained therein is
true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this 23 day of the november, 19 2005

John E Blair
Signature of Petitioner

_____
(Signature of lawyer, if any)

<u>CONTINUATION OF GROUND ONE</u>

DISEASE There is a chance that he could transmit it to the general prison population. Additionally, petitioner is concerned that other prisoners who are aware of his illiness may not agree to him working food service with an infectious disease, and as a result, they may retaliate against him.

Further, petitioner has accomplished all that he could to try to be reassigned to a different job less threatening to the general prison population. He has talked with his foreman, to medical staff and has exhausted all of his administrative remedies, and yet he is still forced to work within the food service department.

Finally, petitioner states that it is cruel and unusual punishment to place him in a job assignment whereby he may inadverantly transmit an infectious disease to the general prison population. Thereby placing the health of other prisoners in jeopardy. Als, it is cruel and unusual punishment to place petitioner in a postion whereby other prisoners may have reason to retaliate aganist him.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number**: 375991-R1

This is in response to your Regional Administrative Remedy Appeal dated June 6, 2005, concerning your work detail assignment. You contend you should be exempt from working in Food Services given your medical condition of Hepatitis B. For relief, you request a new work assignment and the prohibition of all inmates having an infectious disease from working in Food Services.

We have reviewed the documentation related to your appeal. Per Program Statement 6190.03, Infectious Disease Management, inmates having infectious diseases are not prohibited from assignment to Food Services based solely upon the diagnosis of the infectious disease. An individual's primary care provider will determine whether Food Services is a suitable work assignment. The BOP's infectious disease protocols are based on sound clinical practices and serve to protect both inmates and staff. Please address specific concerns with your assignment medical provider.

Based on these findings, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/1/05
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrator Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: BLAIR   JOHN   #1911-026   IOWA #1   F.C.I. PEKIN
 LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL** This complaint is an attempt By me to Be reassigned to a Different job. and to have the B.O.P. Prohibit anyone with an infectious Disease from working food service. The B.O.P. Must Be informed of the following facts: (1) I have Hepatitis B, (2) There is a substantial likelyhood that I could trans mit this Disease to other inmates via contaminated food (3) other inmates who are aware of my illiness may not agree to the fact that I am working food service and may retaliate against me because of it. (4) The staff here at F.C.I. Pekin IL are well aware of my condition, they know the risk of contamination, and fail to take appropriate action.

Therefore, I respectfully request that I be assigned a Different job, that all inmates who have infectious Diseases Be Prohibited from working food service.

6-6-2005
 DATE

John Blair
 SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 315991-R1

---

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
 LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

USP LVN   DATE   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: BLAIR JOHN E          11911-026      Iowa #1      PEKIN F.C.I.
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**  The Following is in Response To My Regional Administrative Remedy Appeal. Within This Appeal I Respectfully Requested That I be Reassigned A Different Job Because I Am Currently Forced To Work in Food Service with An infectious Disease (Hepatitis B), I would Like To Bring To The Attention of This office That AT Any Time, and Without My Awareness, That This Disease Could Become Extremely infectious To The Point To where I Could inadvertatly Transmit This Disease To The General Population. Therefore FOR The Safety of The General Population And My Safety As well. I Respectfully Request That I Be Taken out of Food Service and be Reassigned To A Different Job less Threatening To The General Population.

Sept 23, 2005                          _John Blair_
DATE                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED OCT 2

RECEIVED OCT - 5 2005

DATE                                   GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**         CASE NUMBER: 375991-A2

**Part C—RECEIPT**                     CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE        Printed on Recycled Paper    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
USP LVN                                                                                     APRIL 1982

**Administrative Remedy No. 375991-A3**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you request to be exempt from working in Food
Service because of your medical condition.  You because you have
Hepatitis B, you could inadvertently infect other inmates.  You
request a new work assignment and the prohibition of all inmates
with infectious diseases from working in Food Services.

The Bureau of Prisons has no policy restrictions for assigning
inmates with hepatitis B or hepatitis C as food service workers,
because these infections are not associated with food borne
outbreaks, nor is the virus spread through casual contact.  The
policy is consistent with state health department regulations and
the recommendation of the Center for Disease Control regarding
community food workers.  See Program Statement 6190.03,
Infectious Disease Management, Section 9, paragraph (b).  The
Clinical Director determined your medical condition does not
preclude you from working in Food Service.  Your work assignment
is, therfore, appropriate.  Should there be a significant change
in your condition, you are encouraged to attend sick call to be
re-evaluated.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  Accordingly,
your appeal is denied.

October 27, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals