E-FILED
Thursday, 22 December, 2005  04:42:26 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN E. BLAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 05-1375 |
| | ) | |
| R.V. VEACH, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

### O R D E R

Before the Court is John E. Blair's Motion and Affidavit in Support of Request to Proceed in Forma Pauperis ("IFP")[Doc. # 1] and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person in Federal Custody.  In his Petition, Blair complains that he has been assigned to work in the Food Services Department in violation of his Eighth Amendment Right against cruel and unusual punishment because he has Hepatitis C which he alleges can be transmitted through food materials.  As stated in the responses to Blair's grievances (which are attached to the Petition), Hepatitis C is not transmitted by food or water or casual contact. As reported by the Illinois Department of Public Health, Hepatitis C is spread primarily by exposure to human blood:

> HCV is spread primarily by exposure to human blood. Approximately 80 percent of persons who share needles to inject drugs are infected with HCV. Persons who receive blood transfusions face some risk, although it is very low since testing of donated blood for HCV began in 1990. Hepatitis C has been transmitted between sex partners and among household members, but the degree of risk is believed to be low. HCV is not spread by food or water or casual contact, such as shaking hands or sharing a work space or bathroom facility.

See Illinois Department of Public Health, Health Beat, http://www.idph.state.il.us/public/hb/hbhepc.htm.

Blair does not have a constitution right to any particular work assignment while in prison, see DeWalt v. Carter, 224 F.3d

607, 613 (7th Cir. 2000); and his fears of transmitting his disease through casual contact in the Food Services Department are baseless. Consequently, the Court finds his Petition is frivolous and will deny his IFP application. See 42 U.S.C. 1915(e)(2)(court shall dismiss case brought without prepayment of fees at any time if action is frivolous or malicious, fails to state claim on which relief may be granted, or seeks monetary relief against defendant who is immune from such relief).

    IT IS THEREFORE ORDERED that John E. Blair's Motion and Affidavit in Support of Request to Proceed in Forma Pauperis [Doc. # 1] is DENIED and this case is DISMISSED.

    CASE TERMINATED.

    ENTERED this __22nd__ day of December, 2005.


                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States District Judge